IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENNETT K. MACINTYRE,<br><br>              Plaintiff,<br><br>v.<br><br>CARROLL COLLEGE,<br><br>              Defendant. | No. CV-19-42-H-SEH<br><br>**ORDER** |

The Complaint[1] in this case was replaced by an Amended Complaint on December 18, 2019.[2] A Scheduling Order was issued and amended.[3] Over eight months elapsed before the Court ordered deadline for amendment to pleadings expired. Approximately twenty months were allocated for discovery. A deadline for fully briefed dispositive motions was established. A Motion for Summary Judgment was timely filed by Defendant and is fully briefed.[4]

The summary judgment motion asserted five separate grounds for the relief sough. Over 300 pages of briefs, statements of undisputed fact, and statements of

---

[1] *See* Doc. 1.

[2] *See* Doc. 15.

[3] *See* Docs. 25 and 31.

[4] *See* Docs. 51, 52, 53, 54, 71, and 78.

disputed fact in support and in opposition were filed.[5]

Notwithstanding the length, content, and expansive nature of the stated positions of the parties in summary judgment filings to date, a single critical and potentially dispositive issue is raised by the claim asserted, namely: Has Plaintiff sufficiently and adequately pleaded a retaliation claim grounded in 20 U.S.C. § 1681 ("Title IX") which comports with and meets pleading requirements of *Iqbal* and *Twombly* and subsequent 9th Circuit decisions?[6] The Court has determined to address and resolve that particular sufficiency of pleading issue before taking up or ruling upon any other issues raised by the pending summary judgment motion.

To properly plead a case for Title IX retaliation in compliance with *Iqbal* and *Twombly* pleading requirements, Plaintiff must make a sufficient showing that: (1) he engaged in a protected activity; (2) that Carroll took adverse action against him; and (3) that the protected activity was the cause of the adverse action.[7]

Plaintiff must state: (1) the facts asserted to have been engaged in by Carroll that could enable the Court to draw reasonable inference that Carroll is liable for

---

[5] *Id.*

[6] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007); *see also Emeldi v. University of Oregon*, 698 F.3d 715, 724 (9th Cir. 2012).

[7] *See Emeldi v. University of Oregon*, 698 F.3d 715, 724 (9th Cir. 2012).

the conduct that it is asserted to have engaged in; (2) that such conduct damaged Plaintiff's legally protected interests or property rights; and (3) that such conduct gave rise to the claim Plaintiff asserts against Carroll.

ORDERED:

1. The parties shall, on or before **June 25, 2021,** submit supplemental simultaneous briefs directed to the specific issue of whether Plaintiff has sufficiently and adequately pleaded a retaliation claim for relief grounded in 20 U.S.C. § 1681 ("Title IX") that meets the pleading requirements of *Iqbal* and *Twombly* and the Ninth Circuit.

2. Each party shall, on or before **July 2, 2021,** file a brief in response to the opposing party's supplemental brief.

3. Upon filing of response briefs as ordered, the Court will set the matter for hearing by separate order.

4. The June 25, 2021, Preliminary Pretrial Order deadline is VACATED, to be reset, if appropriate, by further order of Court.

DATED this 10th day of June, 2021.

SAM E. HADDON
United States District Judge