# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BENNETT K. MACINTYRE,<br><br>     Plaintiff,<br><br>v.<br><br>CARROLL COLLEGE,<br><br>     Defendant. | No. CV-19-42-H-SEH<br><br>**ORDER** |

This case was commenced on June 21, 2019.[1] An Amended Complaint was filed on December 18, 2019.[2] A Scheduling Order was issued and amended.[3] Time allowed by order for amendments to pleadings has expired. Discovery is closed. Defendant's timely motion for Summary Judgment has been fully briefed.[4]

Five separate grounds in support of summary judgment were asserted. Several hundred pages of briefs, statements of undisputed fact, and statements of disputed fact in support and in opposition to the motion were filed.[5] Additional

---

[1] Doc. 1.

[2] Doc. 15.

[3] Docs. 25 and 28.

[4] Docs. 51-58, 71-74, and 78.

[5] *Id.*

briefing on one specific issue was ordered: Whether Plaintiff pled a prima facie case of Title IX retaliation in compliance with pleading requirements of *Iqbal* and *Twombly*.[6]

Summary judgment is warranted on the single dispositive issue for which the additional briefing was ordered. Plaintiff has failed to allege a prima facie case of retaliation under 20 U.S.C. § 1681 ("Title IX").

## FACTS

Plaintiff Bennett K. MacIntyre ("Plaintiff") is employed by Defendant Carroll College ("Carroll"),[7] as "stipend golf coach." Prior to 2016, he worked as an administrator in the Athletics Department and as golf coach at Carroll.[8] In July of 2016, a written, fixed-term contract was negotiated and signed for his employment as Head Golf Coach at Carroll from July 1, 2016, to June 30, 2018.[9] Performance of the contract was undertaken.

Carroll was faced with major budget issues in 2017.[10] A variety of budget

---

[6] Doc. 80; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[7] Docs. 53 at 2-4 and 72 at 2-4.

[8] *Id.*

[9] Docs. 53 at 20-21 and 72 at 48-49; *see also* Doc. 73-48. A complete copy of the July 26, 2016, employment contract is attached as Exhibit "A."

[10] Docs. 53 at 22-39 and 72 at 53-90.

cuts were recommended, which specifically included cuts to the Athletics Department and the golf program.[11]

Plaintiff's fixed-term contract was not renewed in 2018.[12] An alternate position was offered to him as "stipend golf coach" after the July 26, 2016, employment contract expired.[13] He accepted.[14] He thereafter filed this action, alleging non-renewal of the July 26, 2016, fixed-term contract was retaliation for reporting Title IX concerns.[15]

## STANDARD OF REVIEW

A motion for summary judgment may be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."[17] If the moving party establishes a lack of genuine issues of material fact, the burden shifts to the non-

---

[11] *Id.*

[12] Docs. 53 at 38-40 and 72 at 88-90.

[13] Docs. 53 at 39-41; 72 at 91-92; 54-32.

[14] Docs. 53 at 38-40 and 72 at 89-90.

[15] Docs. 1 and 15.

[16] Fed. R. Civ. P. 56(a).

[17] *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

moving party to demonstrate that a genuine dispute of material fact does exist or that the moving party is not entitled to judgment as a matter of law.[18]

## DISCUSSION

### Prima Facie Showing of Title IX Retaliation Claim Required

Carroll's Summary Judgment Motion asserts that it is entitled to summary judgment because Plaintiff has failed to make a prima facie showing of a Title IX Retaliation claim.[19] The motion is well taken.

A prima facie case of a Title IX retaliation claim requires a plaintiff to allege, by adequate pleading, three elements: (1) plaintiff was "engaged in [a] protected activity"; (2) plaintiff "suffered an adverse action"; and (3) a "causal link" between the first two elements.[20] Such a Title IX retaliation pleading requires a minimal showing, not a preponderance of evidence.[21] Plaintiff must adequately plead that "a reasonable [person] would have found the challenged action materially adverse."[22]

---

[18] *In re Oracle Corp. Sec. Litig.* at 387.

[19] Doc. 52 at 10.

[20] *Emeldi v. University of Oregon*, 698 F.3d 715, 724 (9th Cir. 2012) (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003).

[21] *Emeldi* at 724.

[22] *Emeldi* at 726 (internal quotation marks and citations omitted) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff's July 26, 2016, written employment contract was for a specific term, beginning July 1, 2016, and ending June 30, 2018.[23] It contained no language or terms that provided for, discussed, or considered renewal or extension.[24]

Plaintiff alleges that non-renewal of the contract was an adverse action because coach contracts are normally renewed[25] and because Plaintiff was successful in his position.[26] The Head Golf Coach contract was, however, for a fixed term. It was performed according to its terms. The allegations of the complaint were insufficient to assert prima facie adverse action.

Plaintiff references *Burch v. Regents of the University of California*, from the Eastern District of California, to argue that non-renewal of a coach's contract was adverse action.[27] The facts and circumstances of *Burch*, however, are inapposite to and have no reasonable relationship to the case before this Court.

Here, the written fixed-term contract was honored and performed as negotiated and agreed upon. Plaintiff has asserted no facts that suggest that Carroll

---

[23] Docs. 53 at 19-21 and 72 at 47-50.

[24] Docs. 53 at 20-21 and 73-48.

[25] Docs. 53 at 20-21 and 72 at 50.

[26] Doc. 15 at 9.

[27] 433 F. Supp. 2d 110 (E.D. California 2006).

intended at any point to negotiate or enter into a new contract. No renewal or replacement contract, or terms or conditions of such a contract were offered, negotiated, or agreed upon. Simply stated, the July 26, 2016, contract was performed by the parties. Plaintiff received all that he bargained for and that was agreed upon.

The language of the written July 26, 2016, employment contract is significant.[28] Its specific terms included, *inter alia*:

> G. Term of Contract
>
> This contract is agreed to be a written contract of employment for a specific term, within the meaning of Section 39-2-912, Mont. Code Ann. Employment under this contract shall be from July 1, 2016, until June 30, 2018, unless otherwise terminated earlier pursuant to Paragraph H.
>
> H. Termination
>
> Employment under this contract shall cease upon the earlier of the following:
>
>> 1. Cause Termination . . . .
>>
>> 2. Resignation . . . .

---

[28] Docs. 53 at 20-21 and 72 at 48-49; *see* Doc. 73-48.

> 3. Expiration: Employment under this contract will expire at the end of the term stated in Paragraph G, unless terminated earlier pursuant to Paragraph H(1) or H(2).[29]

As noted, the July 26, 2016, written contract contained no reference to renewal.[30] Moreover, it is not claimed that Carroll took any action that could be interpreted as an intention by Carroll to negotiate and enter into a new contract with Plaintiff containing, in particular, terms that were never discussed, negotiated, or agreed upon by the parties. The written contract was for a specific term from July 1, 2016, to June 30, 2018, and plainly stated that employment under the contract expired on June 30, 2018.

Plaintiff has not shown he had a property interest in renewal of the July 26, 2016, written employment contract. He has shown no more than an abstract desire for renewal on the same terms.

A legitimate claim of entitlement must be based in statute or other law, or the language of the contract itself.[31] Plaintiff makes no assertion that he had a statutory right to renewal. Moreover, the language of the contract is insufficient to

---

[29] Doc. 73-48 at 2.

[30] Docs. 53 at 20-21 and 72 at 48-49; *see* Docs. 73-47 and 73-48.

[31] *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 578 (1972); *Seitz v. Clark*, 524 F.2d 876, 79-80 (9th Cir. 1975).

support a conclusion that Plaintiff had a legitimate claim of entitlement to renewal.[32] The specific language of the contract itself weights heavily against any showing of a legitimate claim grounded in non-renewal of the contract. The language of the contract stated, adopted, and agreed to by the parties, precludes the assertion by Plaintiff that non-renewal of the contract constituted actionable adverse action.

Plaintiff and Carroll agreed to the terms of the July 26, 2016, written contract, signed it, performed it, and fulfilled their respective performance obligations. The contract ended. Neither party had any obligation to renew it, to extend it, or to modify it or its terms and conditions.

No reasonable person would conclude from the record before the Court that non-renewal of the written, fixed-term contract, which, by its terms, expired after having been performed in compliance with its terms, constituted actionable adverse action.

The July 26, 2021, contract was performed in compliance with its written terms. It expired as provided by the specific terms of that same contract. No prima facie showing of adverse action was shown. The Title IX retaliation claim must be

---

[32] 408 U.S. at 576-78.

dismissed. Plaintiff has pleaded no other claims entitling him to relief. Dismissal is warranted.

ORDERED:

1.   Carroll College's Motion for Summary Judgment[33] is GRANTED.

2.   The three pending motions *in limine*: (1) Carroll College's Combined Motions *In Limine*; (2) Carroll College's Motion to Limit or Exclude the Report and Expert Testimony of Reg Gibbs; and (3) Carroll College's Motion to Exclude or Limit the Expert Testimony and Report of Nancy Hogshead-Makar[34] are DENIED as MOOT.

3.   Defendant Carroll College is entitled to judgment dismissing the Amended Complaint.[35]

DATED this 14th day of July, 2021.

SAM E. HADDON
United States District Judge

---

[33] Doc. 51.

[34] Docs. 59, 62, and 65.

[35] Doc. 15.